Vito Del Ponte, p. a.  
     vs.      No. 71810.  
Gaetano Geannissi

Michael Del Ponte  
     vs.      No. 71811.  
Gaetano Geannissi

September 9, 1930.

CAPOTOSTO, J. These cases involve a head-on collision between a bicycle and a Ford truck. A new trial was granted by this Court on the ground that the damages were so grossly inadequate as to clearly indi-cate a compromise verdict of the most flagrant kind. The question of liability was not passed upon in the prior rescript. The Supreme Court sent the case back to this court for the determination of the question of liability.

Both plaintiff and defendant gave a colored version of the occurrence. Each tried to put himself in the right when each was wrong. A careful consideration of the testimony shows that each was negligent. The real question is whether the plaintiff can recover on the doctrine of the last clear chance.

There is no doubt but that the plaintiff was riding a racing bicycle, without brakes, at a fair rate of speed south on Federal Street toward Dean Street. He was proceeding about the center of the road apparently heedless of his surroundings. The truck, coming from Dean Street, made a wide sweep at the junction of the two streets and proceeded north on Federal Street at about 15 miles an hour with its left wheel to the left of the crown of the road. No other vehicle or obstruction was in the way of either bicycle or truck. Federal Street is 30 feet from curb to curb.

It is clear that the bicycle rider did not see the truck directly in his path. It is equally clear that the truck driver saw the boy on the bicycle coming directly towards him with his head down when the bicycle was some distance away from him. His estimation of this distance varies greatly. By recollection he places it at 25 to 30 feet; when he is asked to indicate the distance by any object in the court-room, it is increased to 42 feet; when fixed objects at the scene of the accident are used and a plat of the location is consulted the distance becomes 120 feet. (Trans. Testimony P. Geannissi, Ques. 195, 259, 385, 396, 397, 403 and 404). In fact, the driver of the truck, although aware of the plaintiff's negligence, did nothing to change the course of his vehicle until immediately before the collision.

"285 Q. When you saw him coming, how far from you was he when you sounded your horn?

A. When I sounded my horn?

286 Q. Yes.

A. That is when he turned in, that is fifteen foot.

287 Q. You sounded your horn and he turned into you?

A. After he turned into me I sounded my horn.

288 Q. But you started to turn off before he went into you? When did you start to turn in?

A. When I saw he didn't pay any attention to the horn, or when my cousin hollered to him, I turned in to avoid him—I was too late.

\* \* \* \* \*

315 Q. When you were fifteen foot away from this boy on the bicycle, you say you blew your horn and turned to the right?

A. No, sir. I didn't say I turned to the right—I said I blew my horn and my cousin hollered at him, which didn't seem to do any good, and at the time he was almost on top of me, so I threw it to my right."

Transcript pp. 274, 278.

Lawrence Strickland, a letter carrier who was called as a witness by the defendant, testified that he first saw the truck some 20 or 30 feet away and that the truck did not change its course until just before the collision.

"11 Q. Will you—Did you see the truck before the accident?

A. I seen him about—coming towards me about twenty or thirty feet away.

\* \* \* \* \*

16 Q. Now, where was the first that you saw the—did you see the—did the truck come straight along all the time you saw it?

A. From the first I noticed it, I noticed it come straight until just two or three feet before the impact.

17 Q. And what did the truck do then?

A. The truck it turned its wheels to the right.

\* \* \* \* \*

23 Q. How far from the truck was the bicycle when you first saw the bicycle?

A. Two and a half to three feet."

Transcript, L. Strickland, pp. 364, 365.

Careful study of the evidence leads this Court to the conclusion that the driver of the truck was aware of the plaintiff's negligence and that he had a reasonable opportunity to avoid injury to the plaintiff had he exercised ordinary care. The question of liability, therefore, is determined in favor of the plaintiff.

Motion for new trial granted.

For plaintiffs: Pettine, Godfrey & Cambio.

For defendant: Henshaw, Lindemuth & Baker.